UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YASHUA SHEKHEM EL,

                                Plaintiff,

        v.                                              No. 24-CV-730 (KMK)

AMANDA HILLER, *et al.*,                         OPINION & ORDER

                                Defendants.

Appearances:

Yashua Shekhem El
New Rochelle, NY
*Pro Se Plaintiff*

Noam Lerer, Esq.
James B. Cooney, Esq.
Office of the New York Attorney General
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

        Yashua Shekhem El ("Plaintiff") proceeding pro se, brings this Action against the New

York State Department of Taxation and Finance ("NYSDTF"), Acting Commissioner and

General Counsel for the NYSDTF Amanda Hiller, in her personal and official capacity, and Josh

Russell (an employee of the NYSDTF), in his personal and official capacity, (collectively,

"Defendants"), pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, and 1994, seeking

declaratory relief as well as monetary damages.  (*See generally* Amend. Compl. (Dkt. No. 3).)[1]

Before the Court is Defendants' Motion to Dismiss the Complaint pursuant to Federal Rules of

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page in cites from the record.

Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion"). (*See* Not. of Mot. (Dkt. No. 24).) Also before the Court is Defendants' Motion for a Filing Injunction. (*See* Not. of Mot. for Filing Injunction (Dkt. No. 41).) For the following reasons, Defendants' Motion to Dismiss is granted and their Motion for a Filing Injunction is denied.

## I.  Background

### A.  Factual Background

Unless otherwise stated, the following facts are drawn from the Amended Complaint as well as Plaintiff's opposition papers and the multiple exhibits submitted by Defendants in connection with its Motion.[2] The facts alleged therein are assumed true for the purpose of resolving the instant Motions. *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023).

---

[2] Generally, "[w]hen considering a motion to dismiss, the Court's review is confined to the pleadings themselves" because "[t]o go beyond the allegations in the Complaint would convert the Rule 12(b)(6) motion into one for summary judgment pursuant to [Rule] 56." *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002); *accord Doe v. County of Rockland*, No. 21-CV-6751, 2023 WL 6199735, at *1 (S.D.N.Y. Sept. 22, 2023). "Nevertheless, the Court's consideration of documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken, would not convert the motion to dismiss into one for summary judgment." *Thomas*, 232 F. Supp. 2d at 275; *see also Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (same). Moreover, the Court's "mandate to read the papers of pro se litigants generously makes it appropriate to consider [a] plaintiff's additional materials, such as [the] opposition memorandum," *Williams v. Barometre*, No. 20-CV-7644, 2022 WL 903068, at *2 (S.D.N.Y. Mar. 28, 2022) (quotation marks and citation omitted), "to the extent that those allegations are consistent with the Amended Complaint," *Veras v. Jacobson*, No. 18-CV-6724, 2020 WL 5659551, at *1 n.1 (S.D.N.Y. Sept. 23, 2020); *see also Floyd v. Rosen*, No. 21-CV-1668, 2022 WL 1451405, at *3 (S.D.N.Y. May 9, 2022) (considering exhibits attached to pro se opposition memorandum).

Further, in considering a motion to dismiss pursuant to Rule 12(b)(1), "the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," and "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *MLB Enters., Corp. v. New York State Dep't of Tax'n & Fin.*, No. 19-CV-4679, 2020 WL 917257, at *1 (S.D.N.Y. Feb. 26, 2020), *aff'd*, 832 F. App'x 24 (2d Cir. 2020); *see also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (same). Thus, the Court will consider the multiple exhibits Defendants submitted in connection with their Motion insofar as they are relevant to the issue of subject matter jurisdiction.

Plaintiff is a U.S. Citizen and a "Moorish American . . . domicile[d] in New York State." (Amend. Compl. ¶ 6.)[3]  In February 2004, the NYSDTF filed a tax warrant against Plaintiff for the collection of unpaid taxes.  (Decl. of Noam Lerer, Esq. in Supp. of Mot. to Dismiss ("Lerer Decl."), Ex. P (Dkt. No. 26-16).)  In or around July 2004, the NYSDTF also served an income execution on Plaintiff (the "2004 Income Execution"), which Plaintiff contends was "fraudulently procured" and "manufactured."  (*See* Amend. Compl. ¶ 16.)[4]  In 2015, after engaging in "continued non-stop" collection efforts stemming from the July 2004 income execution document, (*see* Amend. Compl. ¶ 65), the NYSDTF filed a second tax warrant against Plaintiff, (Lerer Decl., Ex. Q (Dkt. No. 26-17)).

In August 2020, Plaintiff filed a lawsuit in the New York State Court of Claims against the New York State Attorney General, seeking to challenge the 2004 Income Execution.  (*See* Lerer Decl., Ex. A (Dkt. No. 26-1).)  The case was dismissed for lack of subject matter jurisdiction.  (*See id.* at 3–4 ("The proper procedural vehicle for challenging [NYSDTF's] administrative determination is a proceeding pursuant to article 78 of the CPLR, not an action in the Court of Claims.").)

The following year, in August 2021, Plaintiff filed an action in this Court under, *inter alia*, 42 U.S.C. §§ 1982, 1983, 1985(3), 1986, and 1994, again challenging the 2004 Income Execution.  *See El Bey v. New York*, No. 21-CV-7032, 2021 WL 5853994, at *1 (S.D.N.Y. Dec. 9, 2021).  Plaintiff alleged that, by that Income Execution, Defendants "commence[d] a seizure

---

[3] Although Plaintiff alleges he is domiciled in New York, he also alleges that he is not a "resident" of New York State, as that term is defined in the New York State tax code.  (*See* Amend. Compl. ¶¶ 45, 52; *see* Pl's Sur-Reply in Opp. to Defs' Mot. 1–3 ("Pl's Sur-Reply") (Dkt. No. 50).)

[4] An Income Execution is a form of tax levy that collects (i.e., garnishes) a percentage of a debtor's wages.  *See* New York Civil Practice Law and Rules ("CPLR") §§ 5230, 5231.

of Plaintiff's hard earned private property and labor, without any court ordered enforcement action, court order or judgment, and absent any sworn oath or affirmation, which continues non-stop . . . and is ongoing." *Id.* (citation omitted). Chief Judge Swain dismissed the action sua sponte for lack of subject matter jurisdiction. *Id.* at \*3.

In 2022, Plaintiff filed an action in New York State Supreme Court (the "New York Supreme Court Case"), again challenging the same Income Execution, under CPLR Article 78 and 42 U.S.C. § 1983. (*See* Lerer Decl., Ex B (Dkt. No. 26-2); Amend. Compl. ¶¶ 16–17.) In April 2023, that court dismissed the case for failure to exhaust and lack of subject matter jurisdiction. (*See* Lerer Decl., Ex. C at 5–6 (Dkt. No. 26-3).)

On or around December 6, 2022, while the New York Supreme Court Case was pending, a new income execution (the "2022 Income Execution") in the amount of $133,544.49 was issued against Plaintiff as part of the NYSDTF's "continued non-stop" collection efforts stemming from the 2004 Income Execution. (Amend. Compl. ¶¶ 21, 65; Lerer Decl., Ex. R (Dkt. No. 26-18).)[5] The 2022 Income Execution was issued by Hiller and signed by Russell. (Amend. Compl. ¶¶ 21–25.) Plaintiff alleges that Hiller and Russell's actions were part of a "scheme to carry out their organized seizure of Plaintiff's personal private property" that was "intended to continue the fraud and retaliation upon Plaintiff for filing a civil action against the parties." (*Id.* ¶¶ 34–35.) Plaintiff asserts that the NYSTDF's collection efforts subjected him "to nearly 19 years of involuntary financial indentured servitude, peonage indirectly imposed and collection of a false debt, as to involuntary service prohibited by the 13th Amendment." (*Id.* ¶ 48.)

---

[5] Plaintiff included allegations related to the 2022 Income Execution in a proposed second amended complaint filed in the New York Supreme Court Case, which was rejected by that court. (*See* Lerer Decl., Exs. C–F (Dkt. Nos. 26-3–26-6).)

B.  Procedural History

Plaintiff filed his Complaint on February 1, 2024, (*see* Dkt. No. 1), and filed an Amended Complaint the following week, on February 9, 2024, (*see* Amend. Compl.).  On March 18, 2024, Defendants submitted a letter requesting leave to file a Motion to Dismiss the Amended Complaint.  (Dkt. No. 6.)  After Plaintiff failed to respond within the directed time, the Court set a briefing schedule.  (*See* Dkt. Nos. 8, 19.)

Defendants filed their Motion on May 3, 2024.  (*See* Not. of Mot.; Mem. in Supp. of Mot. to Dismiss ("Defs' Mem.") (Dkt. No. 25); Lerer Decl. (Dkt. No. 26).)  Plaintiff filed his Opposition on June 3, 2024.  (*See* Pl's Not. of Opp. to Defs' Mot. (Dkt. No. 29); Pl's Opp. to Defs' Mot. ("Pl's Opp.") (Dkt. No. 30); Aff. of Yashua Shekhem El in Supp. of Opp. (Dkt. No. 31).)  Defendants filed their Reply on June 17, 2024.  (Reply in Supp. of Mot. to Dismiss ("Reply") (Dkt. No. 34).)  Plaintiff filed a Sur-Reply on July 12, 2024.  (Aff. of Yashua Shekem El in Supp. of Pl's Sur-Reply (Dkt. No. 49); Pl's Sur-Reply.)

Also on June 17, 2024, Defendants submitted a letter requesting leave to file a Motion for a Filing Injunction, (*see* Dkt. No. 35), which the Court granted, (*see* Dkt. No. 37 (setting briefing schedule)).  Defendants filed their Motion for a Filing Injunction on July 1, 2024.  (*See* Not. of Mot. for Filing Injunction; Mem. of Law in Supp. of Mot. for Filing Injunction ("Defs' Filing Injunction Mem.") (Dkt. No. 42); Decl. of James Cooney, Esq. in Supp. of Mot. for Filing Injunction ("Cooney Decl.") (Dkt. No. 43).)  Plaintiff filed his Opposition papers on July 22, 2024.  (*See* Pl's Not. of Opp. to Defs' Mot. (Dkt. No. 52); Aff. of Yashua Shekhem El in Supp. of Opp. (Dkt. No. 53); Pl's Opp. to Defs' Mot. ("Pl's Opp. to Filing Injunction") (Dkt. No. 54).)

Defendants filed their Reply on August 5, 2024.  (*See* Reply in Supp. of Filing Injunction

("Defs' Filing Injunction Reply") (Dkt. No. 58).)[6]

## II.  Discussion

### A.  Defendants' Motion to Dismiss

#### 1.  Standard of Review

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject

matter jurisdiction and under 12(b)(6) for failure to state a claim are 'substantively identical.'"

*Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2 (D. Conn.

June 3, 2014) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003)).  The only

substantive difference is "that the party invoking the jurisdiction of the court has the burden of

proof in a 12(b)(1) motion, in contrast to a 12(b)(6) motion, in which the defendant has the

burden of proof."  *Superior Biologics NY, Inc. v. Aetna, Inc*., No. 20-CV-5291, 2022 WL

4110784, at *3 (S.D.N.Y. Sept. 8, 2022) (quoting *Lerner*, 318 F.3d at 128); *see also,*

*e.g.*, *Langella v. Bush*, 306 F. Supp. 2d 459, 463 (S.D.N.Y. 2004) ("On a motion to dismiss

pursuant to Rule 12(b)(1), plaintiff carries the burden of establishing that subject matter

jurisdiction exists over his complaint.").

---

[6] The Court omits from this procedural history the flurry of other motions filed by
Plaintiff (including motions for sanctions, motions to strike, and proposed orders to show cause)
that are not relevant to the instant Motions.  (*See generally* Dkt.)  The Court will not address
them here other than to advise Plaintiff that the repeated filing of "frivolous claims and motions
whose only possible explanation could be harassment and delay of proceedings" may result in
sanctions.  *Azzarmi v. Sedgwick Claims Mgmt. Servs., Inc*., No. 20-CV-9155, 2025 WL 35003, at
*9 (S.D.N.Y. Jan. 6, 2025); *see Sassower v. Field*, 973 F.2d 75, 80–81 (2d Cir. 1992) (finding an
award of attorney's fees as sanctions against a pro se plaintiff was appropriate where the plaintiff
had repeatedly utilized "entirely vexatious and oppressive tactics"); *Golub v. Univ. of Chicago*,
No. 87-CV-2891, 1992 WL 333641, at *4 (E.D.N.Y. Oct. 26, 1992) (finding award of attorney's
fees appropriate against a pro se litigant where litigant had "been adequately warned of the
consequences which may result from this behavior").

a) Rule 12(b)(1)

"[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte.  If subject matter jurisdiction is lacking, the action must be dismissed."  *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, No. 19-CV-7577, 2024 WL 1199500, at *2 (S.D.N.Y. Mar. 20, 2024) (quoting *Biener v. Credit Control Servs., Inc.*, No. 21-CV-2809, 2023 WL 2504733, at *3 (S.D.N.Y. Mar. 14, 2023) (alteration in original)); *see also Wells Fargo Bank v. 5615 N. LLC*, No. 20-CV-2048, 2022 WL 15523689, at *3 (S.D.N.Y. Oct. 27, 2022) (citing *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)).  "A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint."  *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (quotation marks omitted).  "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted), *aff'd*, 561 U.S. 247 (2010); *see also United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question" (citation omitted)).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova*, 201 F.3d at 113.  "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings."  *Id.*; *see Contec, LLC v. Commc'ns Test Design, Inc.*, No. 18-CV-1172, 2019 WL 4736455, at *1 n.1 (N.D.N.Y. Sept. 27, 2019) ("[W]hen a question of the [d]istrict [c]ourt's jurisdiction is raised . . . the court may inquire, by affidavits or otherwise, into the facts as they exist." (quoting *Scherer v. Equitable Life Assurance Soc'y of*

*U.S.*, 347 F.3d 394, 401 (2d Cir. 2003) (quoting *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947))));

*Faucette v. Colvin*, No. 15-CV-8495, 2016 WL 866350, at *2 n.5 (S.D.N.Y. Mar. 3, 2016)

(same).

        b)  <u>Rule 12(b)(6)</u>

        The Supreme Court has held that although a complaint "does not need detailed factual

allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of

[its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil

Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Nor does a complaint

suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (alteration and

quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a

right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim

has been stated adequately, it may be supported by showing any set of facts consistent with the

allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a

claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her]

claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see*

*also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense. But where the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—that the pleader is entitled to relief.'" (citation omitted) (second alteration in

original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous

departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, as noted, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation and quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same). However, when the complaint is from a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a defendant's] request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), "documents either in [the plaintiff's] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation marks omitted), and "[plaintiff's] opposition memorandum," *Gadson v. Goord*, No. 96-CV-7544, 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997).

Where, as here, a plaintiff proceeds pro se, the court must "construe[] [the plaintiff's] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (citation omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (citation and quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and citation omitted)).

    2.  <u>Analysis</u>

Defendants argue that all of Plaintiff's claims—which stem from the NYSDTF's efforts to collect unpaid tax from Plaintiff—are barred by the Tax Injunction Act ("TIA") and principles of comity, which "bar suits in federal court seeking to enjoin the collection of state taxes, as well as suits for declaratory and/or monetary relief with regard to the constitutionality of those taxes." (Defs' Mem. 21–25.) Alternatively, Defendants argue that, first, Plaintiff's claims are barred by res judicata, (*id.* at 15–21), and second, that Plaintiff has failed to state a claim, (*id.* at 25–33).

The Court begins, as it must, with Defendants' arguments about jurisdiction. *See MMA Consultants 1, Inc. v. Repub. of Peru*, 245 F. Supp. 3d 486, 497 (S.D.N.Y. 2017) ("Where, as here, the defendant moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first."), *aff'd*, 719 F. App'x 47 (2d Cir. 2017); *see also Stahl York Ave. Co., LLC v. City of New York*, No. 14-CV-7665, 2015 WL 2445071, at *7 (S.D.N.Y. May 21, 2015) (same).

The TIA provides that federal courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *Marvin v. Allen*, No. 23-CV-5947, 2024 WL

4290722, at *4 (S.D.N.Y. Sept. 24, 2024) (same).  This "prohibition is jurisdictional and strips the federal courts of subject matter jurisdiction" over suits for "injunctive relief or declaratory relief."  *MLB Enters., Corp. v. New York State Dep't of Tax'n & Fin.*, No. 19-CV-4679, 2020 WL 917257, at *2 (S.D.N.Y. Feb. 26, 2020) (quoting *Campaniello v. New York State Dep't of Tax'n & Fin.*, 737 F. App'x 594, 596 (2d Cir. 2018) (summary order) ("The [TIA] prevents federal courts from giving injunctive relief or declaratory relief, as long as there is a plain, speedy and efficient remedy in state court." (internal quotation marks and citations omitted)), *aff'd*, 832 F. App'x 24 (2d Cir. 2020).  Similarly, comity principles bar "federal courts from granting damages in state tax cases," provided "the remedy afforded by state law is adequate."  *Marvin*, 2024 WL 4290722, at *4 (quoting *Terio v. Carlin*, No. 10-CV-3201, 2010 WL 4117434, at *3 (S.D.N.Y. Sept. 27, 2010)); *see also Greenberg v. Town of Scarsdale*, 477 F. App'x 849, 850 (2d Cir. 2012) (summary order) ("[T]he principle of comity prevents a taxpayer from seeking damages in a [Section] 1983 action if a plain, adequate, and complete remedy may be had in state court."); *El Bey*, 2021 WL 5853994, at *2 n.2 (noting that there is "no significant difference" between the ""plain, speedy and efficient' standard set forth in the [TIA] and the 'plain, adequate, and complete' standard governing comity" (quoting *Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989))).

"Two conditions must be satisfied to invoke the protection of the TIA: first, the surcharges must constitute 'taxes,' and second, the state remedies available to plaintiffs must be 'plain, speedy and efficient.'"  *Ass'n for Accessible Meds. v. James*, 974 F.3d 216, 221 (2d Cir. 2020).  "A state remedy is plain, speedy and efficient if it is procedurally adequate."  *MLB Enters., Corp.*, 2020 WL 917257, at *2 (quoting *Long Island Lighting Co.*, 889 F.3d at 431).  Because "[t]he TIA is meant to strictly limit federal courts from interfering with local tax

matters," *Campaniello*, 737 F. App'x at 596 (citing *Long Island Lighting Co.*, 889 F.2d at 431), this standard is construed narrowly, *MLB Enters., Corp.*, 2020 WL 917257, at *2. Thus, "[a] state need only provide a full hearing and judicial determination at which a taxpayer may raise any and all constitutional objections to the tax." *Id.* (quoting *Long Island Lighting Co.*, 889 F.3d at 431).

First, although "[w]hether a suit challenges the assessment of a 'tax' is sometimes a complicated inquiry, . . . that is not the case here." *Marvin*, 2024 WL 4290722, at *5. Plaintiff alleges that NYSTDF seized "Plaintiff's personal private property without any due process stemming from a July 2004 fraudulently procured manufactured execution document." (Amend. Compl. ¶ 16.) He also alleges that the 2022 Income Execution "was a continuation of the July 2004 [I]ncome [E]xecution" and part of the NYSDTF's "continued non-stop" collection efforts, "spanning nearly 19 years up to February 2023." (*Id.* ¶ 65.) Thus, the core of all of Plaintiff's claims is his challenge to the validity of the 2004 and 2022 Income Executions, which are a form of tax levy that collects a percentage of a debtor's wages. *See* N.Y. CPLR §§ 5230, 5231; *see El Bey*, 2021 WL 5853994, at *2 (characterizing the Income Executions as "tax assessments").

Second, an adequate state remedy is plainly available here. Indeed, both the Supreme Court and the Second Circuit have held that "New York's procedures for challenging tax assessments meet [the plain, speedy and efficient] standard." *Campaniello*, 737 F. App'x at 596 (citing *Tully v. Griffin, Inc.*, 429 U.S. 68, 74–77 (1976)); *see also Long Island Lighting Co.*, 889 F.3d at 431 ("Because New York provides several remedies which afford [the taxpayer] an opportunity to raise all constitutional objections to the real property taxes imposed, . . . the Tax Injunction Act bar[s] access to federal court."); *see also Marvin*, 2024 WL 4290722, at *5 (collecting cases). Accordingly, as Chief Judge Swain similarly determined, *see El Bey*, 2021

WL 5853994, at *3, 2–3 & n.2, the TIA and principles of comity deprive the Court of subject matter jurisdiction over Plaintiff's claims.[7]

Accordingly, the Court dismisses Plaintiff's claims for lack of subject matter jurisdiction. Thus, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is granted, and the Court need not consider Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).

### B. Defendants' Motion for a Filing Injunction

Also before the Court is Defendants' Motion for a Filing Injunction. Specifically, Defendants seek an injunction preventing Plaintiff, absent Court permission, from filing future actions asserting claims related to "his New York State tax obligations," the NYSDTF's "collection efforts . . . relating to those obligations, and the conduct of any defendant or attorney for any defendant in this and prior litigations . . . regarding those tax obligations." (Defs' Filing Injunction Mem. 6.) Plaintiff argues that there is no basis to impose an "unconstitutional filing injunction" against him, due to "fraud upon the Court" and "skulldugery [sic], chicanery[,] and subterfuge" on behalf of Defendants' and their counsel. (Pl's Opp'n to Filing Injunction 6, 10–12.)

A court may enjoin future filing based on vexatious litigation after considering the following factors:

---

[7] Plaintiff argues that the TIA is inapplicable as he "does not seek an injunction" but instead, only damages and a declaratory judgment. (*See* Pl's Opp'n 20, 22.) This is of no moment, as it is well established that the TIA prohibits suits for declaratory relief as well as injunctive relief. *See Campaniello*, 737 F. App'x at 596 (citing *Bernard v. Vill. of Spring Valley, N.Y.*, 30 F.3d 294, 297 (2d Cir. 1994)). It is similarly well established that principles of comity bar "taxpayer[s] from seeking damages in a § 1983 action if a plain, adequate, and complete remedy may be had in state court." *Long Island Lighting Co.*, 889 F.2d at 431.

Plaintiff's various constitutional challenges (i.e., under the First Amendment and the Due Process Clause) also "do[] not render the TIA inapplicable," as, "where the TIA bars federal court jurisdiction, the Supreme Court has held that plaintiffs should simply 'raise any and all constitutional objections to the tax' in state court." *Marvin*, 2024 WL 4290722, at *6 (quoting *Hibbs v. Winn*, 542 U.S. 88, 108 (2004), and collecting cases).

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Miller v. Austin*, No. 20-CV-1958, 2021 WL 1226770, at *6–7 (S.D.N.Y. Mar. 31, 2021) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 24.

As for the first factor, Plaintiff's litigation history regarding this particular issue is, at best, duplicative. Including the instant Action, Defendants point to four cases where Plaintiff attempted to challenge the various income tax assessments, including a near identical suit filed in this District. (*See* Defs' Filing Injunction Mem. 7–8.) While "there is no strict numerosity requirement that must be met," *Carrington v. Graden*, No. 18-CV-4609, 2020 WL 5503537, at *5 (S.D.N.Y. Sept. 11, 2020) (alterations adopted) (citing *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019)), most courts that have enjoined future filings have done so after a far higher number of redundant complaints, *see, e.g.*, *Eliahu*, 919 F.3d at 714 (noting "twelve other actions in either federal or state courts throughout the United States"); *In re Cunningham*, No. 17-CV-7809, 2018 WL 10038795, at *10 (S.D.N.Y. Mar. 22, 2018) (enjoining filings where the plaintiff "filed over 20 lawsuits"); *Bascom v. Brooklyn Hosp.*, No. 15-CV-2256, 2018 WL 1135651, at *6 (E.D.N.Y. Feb. 28, 2018) (enjoining filing where the plaintiff "filed or attempted to file approximately 18 actions"); *El Bey v. City of New York*, No. 13-CV-8927, 2015 WL 3526987, at *2 (S.D.N.Y. June 3, 2015) (granting a filing injunction where the same Plaintiff here commenced "at least" ten proceedings regarding an issue related to his

employment); *Lipin v. Hunt*, 573 F. Supp. 2d 836, 838 (S.D.N.Y. 2008) (noting that the plaintiff "has now filed six separate actions" based on the same core facts).  Thus, at this time, this factor does not decisively weigh in favor of a filing injunction.

The second factor "requires an objective assessment of the plaintiff's legitimate expectations of prevailing."  *Brady v. IGS Realty Co. L.P.*, No. 19-CV-10142, 2020 WL 6049649, at *4 (S.D.N.Y. Oct. 13, 2020) (italics omitted).  After Plaintiff's nearly identical complaint, (*see* Cooney Decl., Ex. D (Dkt. No. 43-4)), was sua sponte dismissed by a court in this District, *El Bey*, 2021 WL 5853994, at *3, and another nearly identical complaint was dismissed by a New York State Court, (*see* Cooney Decl., Exs. E, G (Dkt. Nos. 43-5, 43-7)), Plaintiff's Amended Complaint had zero objective chance of success.  Even if Plaintiff's filings are not malicious (and the Court has no reason to conclude that they are), they still "reflect a 'refusal to accept . . .the outcome of earlier lawsuits,' which has been a basis to enjoin future filings."  *See Miller*, 2021 WL 1226770, at *7 (quoting *Fitzgerald v. Field*, No. 99-CV-3406, 1999 WL 1021568, at *4 (S.D.N.Y. Nov. 9, 1999)).  Thus, this factor weighs in favor of a filing injunction.

As for the third factor, the Second Circuit has recognized that "pro se litigants, in many cases, are entitled to special solicitude, but . . . ha[s] not altogether 'excuse[d] frivolous or vexatious filings by pro se litigants.'"  *Eliahu*, 919 F.3d at 715 (italics omitted, second alteration in original) (quoting *Triestman*, 470 F.3d at 477).  Although Plaintiff is proceeding pro se and is thus entitled to this solicitude, it "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Sathianathan v. Smith Barney, Inc.*, No. 04-CV-7122, 2006 WL 538152, at *34 (S.D.N.Y. Feb. 24, 2006) (quoting *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.

15

1988)), *report and recommendation adopted as modified*, 2007 WL 576097 (S.D.N.Y. Feb. 21, 2007).  Indeed, the Court notes that it may issue a filing injunction against a pro se plaintiff if it concludes that such measure is "the appropriate means of protecting the Court and the other parties from further harassment, burden, and expense." *Vidurek v. Koskinen*, No. 17-CV-9064, 2018 WL 3597644, at *14 (S.D.N.Y. July 25, 2018), *aff'd*, 789 F. App'x 889 (2d Cir. 2019); *see El Bey*, 2015 WL 3526987, at *2 (noting "it is not apparent that anything short of a filing injunction will protect the courts and other parties").  Given the duplicative quality of Plaintiff's filings—and the many baseless accusations of fraud levied against Defendants' counsel—this factor weighs slightly in favor of a filing injunction.

As to the fourth factor, while Plaintiff has caused "needless expense to other parties" and "unnecessary burden on the courts," this expense and burden do not appear to be, as of this juncture, particularly high.  Unlike some other litigants whose filings were enjoined, the Court is unaware that Plaintiff has failed to pay attorneys' fee awards.  *See Ranasinghe v. Kennell*, No. 16-CV-2170, 2017 WL 384357, at *5 (S.D.N.Y. Jan. 25, 2017), *aff'd*, 718 F. Appx 82 (2d Cir. 2018); *cf. Carrington*, 2020 WL 5503537, at *5 (noting "almost $1 million in legal fees").  Moreover, unlike other cases wherein courts saw fit to impose a filing injunction, Plaintiff's most recent cases have not generated lengthy records or thousands of pages of documents.  *See*, *e.g.*, *Sathianathan*, 2006 WL 538152, at *34 (noting "[d]efendants have incurred tremendous expense" engaging in "several rounds of briefing" and handling up to "2,800 pages of documents" (citations omitted)).

Finally, as to the fifth factor, the Court is not persuaded that, at this time, no other sanctions would be adequate to protect the Court and other parties.  Given Plaintiff's pro se status and the complexity of the legal issues implicated here (i.e., subject matter jurisdiction and

16

res judicata, to name a few), it is possible (albeit unlikely) Plaintiff "erroneously believed that he

had a good faith basis to bring the present action." *El Bey v. City of New York*, No. 13-CV-8927,

2014 WL 5768985, at *5 (S.D.N.Y. Oct. 31, 2014). Thus, the Court cannot definitely conclude

at this point that Plaintiff "is likely to continue to abuse the judicial process." *Id.*[8]

   Overall, the Court finds that the "record is insufficient at this time to issue an anti-suit

injunction against" Plaintiff. *See Miller*, 2021 WL 1226770, at *8 (declining to issue a filing

injunction where the plaintiff filed at least four, mostly overlapping lawsuits); *Galanova v.

Portnoy*, 432 F. Supp. 3d 433, 447 (S.D.N.Y. 2020) (declining to impose a filing injunction after

four lawsuits); *see also Farkash v. Five Star Travel Inc.*, No. 18-CV-3699, 2019 WL 4600956, at

*4 (S.D.N.Y. Sept. 23, 2019) (declining to impose a filing injunction where the plaintiff filed a

third, "virtually identical" lawsuit while a motion was pending), *aff'd*, 841 F. App'x 278 (2d Cir.

2021). However, the Court also notes that Plaintiff's behavior is—at best—toeing the line. In

light of this Opinion and Order, Plaintiff has been made aware (again) that this Court (or any

federal court) does not have subject matter jurisdiction over his challenges to the 2004 and 2022

Income Executions. Plaintiff is thus on notice that any further filings relating to those Income

Executions would be frivolous and could result in sanctions, including, but not limited to, a filing

injunction.

---

[8] Defendants argue that "[p]ast history makes it clear that the only way Plaintiff will stop is if the Court enjoins him." (Defs' Filing Injunction Mem. 20–21.) Specifically, Defendants point to multiple suits Plaintiff filed in connection with a different, employment-related matter, resulting eventually in a filing injunction issued by a court in this District, which Plaintiff then attempted to challenge in the District of Columbia and finally, the Supreme Court. (*See id.* 7–9.) Even though the Court is entitled to consider Plaintiff's broader litigation history, *see Persaud v. United States*, No. 04-CV-2862, 2010 WL 538823, at *5 (E.D.N.Y. Feb. 11, 2010) (collecting cases), based on the record at issue in this Action, the Court is not inclined to conclude that a filing injunction is the only necessary remedy at this time.

III.  Conclusion

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss and denies Defendants' Motion for a Filing Injunction.

Although a "pro se plaintiff should generally be afforded an opportunity to amend his complaint prior to its dismissal for lack of subject matter jurisdiction," the Court is not required to grant leave to amend when doing so would be futile.  *See Torres v. United States Dep't of State*, No. 18-CV-9555, 2020 WL 1489803, at *6 (S.D.N.Y. Mar. 27, 2020) (quoting *Jinbin Wu v. Johnson*, No. 16-CV-4523, 2018 WL 1115215, at *4 (E.D.N.Y. Feb. 27, 2018)); *see also Lucente v. Int'l Bus. Machs. Corp.,* 310 F.3d 243, 258 (2d Cir.2002) (leave to amend may properly be denied when amended complaint could not "withstand a motion to dismiss").  The Court concludes that "[r]epleading would be futile here because the defect in subject matter jurisdiction does not appear to be curable." *Jinbin Wu*, 2018 WL 1115215, at *4 (citation and quotation marks omitted); *see also El Bey*, 2021 WL 5853994, at *3 (declining leave to amend "[b]ecause the defects in Plaintiff's complaint"—i.e., that the claims were barred by the TIA and comity principles—"cannot be cured with an amendment").

Thus, the Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to Plaintiff, terminate the pending Motions, (Dkt. Nos. 24, 41), enter judgment for Defendants, and close the case.

SO ORDERED.

Dated:    March 21, 2025
          White Plains, New York

_____
        KENNETH M. KARAS
      United States District Judge