UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YASHUA SHEKHEM EL,

                                    *Plaintiff*,

            v.                                                    Case No. 24-CV-730 (KMK)

AMANDA HILLER, *et al.*,                                          ORDER

                                    *Defendants*.

Appearances:

Yashua Shekhem El
New Rochelle, NY
*Pro Se Plaintiff*

Noam Lerer, Esq.
James B. Cooney, Esq.
Office of the New York Attorney General
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

        Yashua Shekhem El ("Plaintiff") proceeding pro se, brings this Action against the New

York State Department of Taxation and Finance ("NYSDTF"), Acting Commissioner and

General Counsel for the NYSDTF Amanda Hiller, in her personal and official capacity, and Josh

Russell (an employee of the NYSDTF), in his personal and official capacity, (collectively,

"Defendants"), pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, and 1994, seeking

declaratory relief as well as monetary damages.  (*See generally* Am. Compl. (Dkt. No. 3).)[1]

Before the Court is Plaintiff's Motion to Vacate the Court's Memo Endorsement and for Relief

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page in cites from the record.

from Judgment.  (*See* Notice of Mot. to Vacate the Court's Memo Endorsement and for Relief from Judgment ("Mot. to Vacate") (Dkt. No. 93).)  For the reasons explained below, the Motion is denied.

<u>I.  Background</u>

The facts and procedural history of this case are laid out in detail in the Court's Opinion dated March 21, 2025.  *See Shekhem El v. Hiller*, No. 24-CV-730, 2025 WL 888544, at *2–3 (S.D.N.Y. Mar. 21, 2025).  As relevant here, in a Motion received April 21, 2025, Plaintiff requested "an Order for Relief from the Judgment, dated March 25, 2024," pursuant to Rule 60 of the Federal Rules of Civil Procedure, or "in the alternative" he moved "to Alter or Amend the Judgment" in the case, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  (Not. of Mot. for Relief from Judgment ("Plaintiff's First Motion") (Dkt. No. 88).)  In a memo endorsement dated April 22, 2025, the Court denied Plaintiff's Motion, which the Court construed as a request for reconsideration of its March 21, 2025 decision.  (*See generally* Mem. Endorsement dated Apr. 22, 2025 (Dkt. No. 92).)  The Court explained that the standard for such motions is "strict" and should not be granted "where the moving party seeks solely to relitigate an issue already decided."  (*Id.* at 2 (citing *Sacerdote v. N.Y.U.*, 9 F.4th 95, 118 n.94 (2d Cir. 2021)).)  The Court concluded that Plaintiff's Motion "merely repeated the arguments made in response to the [M]otion [to Dismiss]" and should therefore be denied.  (*Id.*)

On April 30, 2025, Plaintiff moved to vacate the Court's decision addressing his Motion for Relief from Judgment.  (*See* Mot. to Vacate; Pl's Mem. of Law in Supp. of Mot. to Vacate ("Pl.'s Mem.") (Dkt. No. 94).)  At the Court's direction, Defendants responded on June 3, 2025.  (*See generally* Mem. Endorsement dated May 29, 2025 (Dkt. No. 103); Opp'n to Mot. to Vacate

("Opp'n") (Dkt. No. 104).)  Plaintiff's reply was filed on June 20, 2025.  (Pl.'s Reply Br. Mem.

of Law ("Pl.'s Reply") (Dkt. No. 107).)

## II.  Discussion

### A.  Standard of Review

Petitioner moves for relief under Federal Rule of Civil Procedure 60(b).  (*See* Pl.'s Mem.

9.)   Rule 60 concerns relief from a final judgment, order or proceeding, and the relevant parts of

the Rule provide as follows:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions.  The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.
> (c) Timing and Effect of the Motion. (1) Timing.  A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. (2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.
> (d) Other Powers to Grant Relief.  This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(a)–(d) (italics omitted).

As relevant here, relief under Rule 60(b)(1) can be appropriate where "the judge has

made a substantive mistake of law or fact in the final judgment or order." *Tenemille v. Town of*

*Ramapo*, No. 18-CV-724, 2022 WL 2047819, at *3 (S.D.N.Y. June 7, 2022) (quoting *Leeber Realty LLC v. Trustco Bank*, No. 17-CV-2934, 2019 WL 498253, at *4 (S.D.N.Y. Feb. 8, 2019)). "Under this provision, a district court may correct its own mistakes that are 'of a substantive legal nature,' and 'its own mistake[s] of fact.'" *Castro v. Bank of N.Y. Mellon*, 852 F. App'x 25, 28 (2d Cir. 2021) (summary order) (alteration in original) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977) and *Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.)*, 346 F.3d 31, 35 (2d Cir. 2003)).

According to Rule 60(b)(2), a movant "must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (quotation marks and citation omitted). Relief under this rule is "generally not favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (quotation marks and citation omitted).

Under "Rule 60(b)(3), a district court may relieve a party from a final judgment for 'fraud'" or misrepresentation. *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (quoting Fed. R. Civ. P. 60(b)(3)). "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *Id.* (internal quotation marks and citation omitted); *accord Jeanty v. City of Utica*, No. 23-369, 2024 WL 4429417, at *2 (2d Cir. Oct. 7, 2024) (summary order) (same). To be entitled to relief under the Rule, the moving party must present "clear and

4

convincing evidence of material misrepresentations." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989); *accord Adidas Am., Inc. v. Thom Browne, Inc.*, 742 F. Supp. 3d 352, 363 (S.D.N.Y. 2024) ("[T]he Second Circuit . . . has held that the moving party, to be entitled to relief, must prove the opposing party's misconduct by 'clear and convincing evidence.'"). "The movant must also show that the 'need for substantial justice outweighs the value of preserving the finality of judgments,'" an outcome "typically justified in 'exceptional circumstances' only." *Kornea v. Miller*, No. 22-CV-04454, 2025 WL 2977828, at *2 (S.D.N.Y. Oct. 22, 2025) (quoting *Adidas,* 742 F. Supp. 3d at 362).

"Under Rule 60(b)(4), a district court may relieve a party from a final judgment if 'the judgment is void.'" *State St. Bank & Tr. Co.*, 374 F.3d at 178 (quoting Fed. R. Civ. P. 60(b)(4)). The standard for relief under Rule 60(b)(4) is high. To constitute a "void judgment" the judgment must be "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). The Supreme Court has explained that "[t]he list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* A judgment is not void, for instance, because it was erroneous or possibly erroneous, or because the losing party failed to appeal. *Id.* Rather, this Rule applies "in the rare instance" of a judgment "premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.

B. Analysis

Plaintiff asserts that the Court's memo endorsement was "procured through fraud . . . misrepresentation, and lack of due process" on the grounds that it construed Plaintiff's First Motion as a Motion for Reconsideration. (Pl.'s Mem. 5; *see also id.* at 10.) Plaintiff further

contends that the Court's "failure to address" his earlier assertions—that the judgment was obtained via "misrepresentation and fraud" and "fraud upon the court" or that the judgment was clearly erroneous—denied his due process rights and warrants relief under Fed. R. Civ. P. 60(b). (*Id.* at 5–6.)  Finally, he contends that the Court's "reliance on standards for reconsideration" was erroneous because, he says, he "did not seek to relitigate prior issues" in the Action.  (*Id.* at 10.)

Plaintiff also takes the view that the Court did not consider the exhibits he submitted in conjunction with his first Motion and Opposition to the Motion to Dismiss.  (Pl.'s Mem. 6, 11–12.)[2]  Instead, he says, the Court credited "opposing counsel's . . . narrative." (*Id.* at 6.)  He levels accusations of "judicial bias, prejudice, and a potential breach of judicial ethics and the judicial Oath" against the Court.  (*Id.* at 6; *see also id.* at 11.)  Plaintiff similarly contends that "newly discovered facts and evidence" first discovered in "February 2023," "was not allowed as the integrity of the judicial process was compromised and controlled by the Office of the Attorney General."  (*Id.* at 7.)

Otherwise, and in his Reply Brief, Plaintiff largely raises arguments duplicative of those raised in his substantive briefing.  (*E.g.* Pl.'s Reply 3–4 (arguing that the federal complaint raises constitutional claims not subject to preclusion and contending that the TIA does not bar

---

[2] Plaintiff appears to think that the exhibits he submitted were "conveniently omitted on the civil document summary report by the docketing clerk."  (Pl.'s Mem. 6; *see also id.* at 6–7 (accusing the Court of "ignore[ing] or overlook[ing]" the same exhibits in conjunction with Plaintiff's Opposition to Defendants' Motion to Dismiss).)  Plaintiff is mistaken.  Although the documents do not appear as separate entries on the docket sheet, (*see generally* Dkt.), they were included as part of the PDF containing Plaintiff's Affirmation in Support of his Motion for Relief from Judgment, (*see* Aff'n of Yashua Shekhem El in Supp. of Mot for Relief from J'ment ("Pl.'s Aff'n ISO Relief from J'ment") 5–95 (Dkt. No. 90)).  Accordingly, these materials were properly before the Court.

Plaintiff's claims).)[3]  As described above, these arguments are not properly the subject of a Rule

60(b) motion, and so the Court addresses them no further.

Finally, Plaintiff urges the Court to address his earlier Motion under the standards set out

by Federal Rule of Civil Procedure 60(b) and 59(e).  (*Id.* at 11–13.)

1.  Rule 60(b)(1)

Plaintiff's contention that the Court did not consider the exhibits he submitted in

conjunction with his first Motion appears to be an assertion that the Court committed error under

Rule 60(b)(1).  But these exhibits do not demonstrate a "substantive mistake of law or fact in the

[Court's] final judgment or order."  *Tenemille*, 2022 WL 2047819, at *3.  For the most part, they

do not bear on the conclusion that Plaintiff's case is barred in part as a challenge the assessment

of a tax that can be contested through New York state's plain, speedy, and efficient procedures

for such challenges, and in part on the basis of comity.  *Shekhem El*, 2025 WL 888544, at *6.[4]

---

[3] Plaintiff further asserts that facts he describes in a declaration reflect additional retaliation.  (See Pl.'s Mem. at 12–13; Pl.'s Reply at 5–6.)  However, he describes facts that occurred after the Court entered judgment on March 24, 2025.  (*See* Aff'n of Yashua Shekhem El in Supp. of Mot. to Vacate 2–3 (Dkt. No. 95).)  "[E]vidence of events that occur after the entry of judgment cannot be the basis of Rule 60(b) relief."  *Azeez v. City of New York*, No. 16-CV-342, 2021 WL 3578500, at *10 (E.D.N.Y. Aug. 13, 2021),

[4] Plaintiff argues that the Court erred because it "mischaracterize[ed] . . . [his] Amended Complaint under CPLR Article 78."  (Pl's Mem. of Law in Supp. of Mot. for Relief from J'ment ("Pl.'s First Mem.") (Dkt. No. 89).)  The Court did not so characterize Plaintiff's Amended Complaint, *see generally Shekhem El*, 2025 WL 888544, nor did Defendants' Memorandum, which took the position that a proceeding under Article 78 was the proper vehicle for a challenge to the assessment of a tax and an adequate remedy, (*see* Defs.' Mem. of Law in Supp. of Mot. to Dismiss 24 (Dkt. No. 25).).

To the extent that Plaintiff is challenging the characterization of the Amended Complaint he filed in state court in 2022, (*see* Pl.'s Mem. at 10), this argument also fails.  Even if Plaintiff did not cite Article 78 in the Amended Complaint he filed in state court, "an Article 78 proceeding [is] the exclusive remedy for reviewing [an individual's] tax liability" as Plaintiff sought to do in his state court filings.  *W. T. Wang, Inc. v. N.Y.S. Dep't of Tax'n & Fin.*, 451 N.Y.S.2d 130, 131 (App. Div. 1982), *aff'd*, 448 N.E.2d 1348 (N.Y. 1983); *see also Adams v. Schoenstadt*, 868 N.Y.S.2d 369, 370 (App. Div. 2008) ("[A] CPLR article 78 proceeding is

Those materials that bore on that decision were cited in the Court's earlier decision. *See, e.g., id.* at \*2 (citing a 2021 federal decision included in Plaintiff's exhibits, and a 2022 state court decision included in the same). To the extent that Plaintiff cites these materials as an effort to show the inadequacy of state proceedings, binding Supreme Court and Second Circuit precedent holds that the state procedures for challenging tax assessments meet the requisite standard. *See Id.* at \*6 (collecting cases). Given that Plaintiff has not demonstrated a substantive mistake of law or fact in the Court's final judgment, relief is not warranted under Rule 60(b)(1).

    2. Rule 60(b)(2)

Plaintiff appears to assert that information "discovered in the first week of February of 2023 via a[] time sensitive email from ADP (Automated Data Process), a payroll management company" for his former employer supports his Rule 60(b) Motion. (Pl.'s Mem. 7–8 (citation omitted).) He argues that these materials "were not allowed to be part of the pleadings in state supreme court" where he was denied leave to amend his complaint. (*Id.* at 8.) These materials do not satisfy the Rule 60(b)(2) standard, as they were available to Plaintiff prior to this Action being filed in February of 2024. *See, e.g., Jeanty*, 2024 WL 4429417, at \*2 (affirming district court's conclusion that Rule 60(b)(2) relief would be inappropriate to the extent it relied on materials that Plaintiff relied on at trial, rather than evidence that "did not exist at the time of

---

appropriate where a party challenges a tax assessment as illegal, i.e., that the taxing authority exceeded its power to tax, or that the tax itself or the method employed in taxing is unconstitutional." (quotation marks and citation omitted)).

    Similarly, the state court's charitable characterization of Plaintiff's complaint as asserting some of his claims pursuant to 42 U.S.C. § 1983, (*see* Pl.'s Mem. at 8), does not constitute fraud or grounds for vacatur of *this court's* decision, which considered the Court's own jurisdiction to evaluate the claims raised in *this* Action. Moreover, it seems that Plaintiff's Memorandum in Support of his First Motion described his state court amended complaint as one seeking relief "pursuant to . . . 42 U.S.C. § 1983." (Pl.'s First Mem. at 10.)

trial" or of which Plaintiff "was justifiable ignorant despite due diligence"); *Clarke v. United States*, No. 13-CV-3080, 2016 WL 4573976, at \*2 n.1 (E.D.N.Y. Aug. 31, 2016) ("Because Plaintiffs possessed these documents before the Court had rendered its decision, they cannot claim justifiable ignorance under Rule 60(b)."); *Miller v. Norton*, No. 04-CV-3223, 2008 WL 1902233, at \*4 (E.D.N.Y. Apr. 28, 2008) ("[I]t is beyond cavil that evidence that was actually in the possession of the movant prior to the challenged order or judgment cannot form the basis for a 60(b) motion."), *aff'd sub nom. Miller v. Kempthorne*, 357 F. App'x 384 (2d Cir. 2009).[5]

### 3. Rule 60(b)(3)

Plaintiff offers no evidence or persuasive argument that he was prevented from "fully and fairly presenting his case" to the Court. *State St. Bank & Tr. Co.*, 374 F.3d at 176. He also offers no "clear and convincing evidence of material misrepresentations." *Fleming*, 865 F.3d at 484. Instead, he takes issue with the Court's decision and, erroneously, asserts that the Court did not credit his allegations. (Pl.'s Mem. at 5–6.) The latter assertion is substantively incorrect, *e.g. Shekhem El*, 2025 WL 888544, at \*6 (crediting several of Plaintiff's allegations), and a Rule 60(b)(3) motion is not the proper vehicle to challenge the substance of the Court's decisions, *see Tuccillo v. Tobin*, No. 13-CV-04525, 2024 WL 5159437, at \*7 (E.D.N.Y. Dec. 18, 2024) (noting that a Rule 60(b)(3) motion cannot "serve as an attempt to relitigate the merits") (quotation marks and citation omitted); *see also Tenemille v. Town of Ramapo*, No. 22-1715, 2025 WL 2640930, at \*2 (2d Cir. Sept. 15, 2025) (summary order) (affirming denial of Rule 60(b)(3) motion where movant "did not show that . . . defendants prevented him from fully and fairly

---

[5] To the extent that Plaintiff cites these materials as part of an argument under Rule 60(b)(1) that the state proceedings were inadequate, this argument fails for the same reasons described above.

presenting his case, and instead merely reiterated his previous allegations"). In the absence of clear and convincing evidence of fraud, the relief Plaintiff seeks is not permitted under Rule 60(b)(3). *See, e.g.*, *SEC v. Caridi*, No. 23-CV-1243, 2025 WL 3052636, at *5 (D. Conn. July 25, 2025) (denying Rule 60(b)(3) motion due to an absence of "clear and convincing evidence" of a misrepresentation and absence of "clear and convincing evidence that [any such misrepresentation] was fraudulent or material"); *Tuccillo*, 2024 WL 5159437, at *7 (denying Rule 60(b)(3) motion where movant identified "no fraud, misrepresentation, or misconduct").[6]

To the extent that Plaintiff's Motion seeks to challenge the judgment based on the characterization of two of his various complaints as largely "identical" to one another, (Pl.'s Mem. at 7), the Court notes that this characterization was relevant to its decision on Defendants' request for a *filing injunction*, an issue where the Court ruled in the Plaintiff's favor. *See Shekhem El*, 2025 WL 888544, at *7–8. Accordingly, even if this characterization were erroneous, it would not change the outcome of this Action.[7]

### 4. Rule 60(b)(4)

Plaintiff has not shown that this case is one of those "rare instance[s]" where the judgment was "premised . . . on a certain type of jurisdictional error or on a violation of due

---

[6] For the same reason, the Court's exercise of its discretion to reject some of Plaintiff's arguments *sub silentio* does not constitute an ethical lapse or other breach of judicial duty.

[7] In a final hail mary, Plaintiff appears to make a combination of a Rule 60(b)(3) and Rule 60(b)(4) argument, renewing his claims that the characterization of his Amended Complaint in this action as "identical" to early filings and characterization of his state court complaint as one filed under Article 78 and Section 1983 constituted a deprivation of due process. (Pl.'s Mem. at 11–12.) This argument fails because, as explained, (1) the Court did not rely on the "identical" characterization for any decision adverse to Plaintiff, and (2) Plaintiff's state court complaint *necessarily* was brought pursuant to Article 78. Further, Plaintiff appears to think that the doctrine of res judicata bore on this Court's decision. (Pl.'s Mem. at 10, 11–12.) It did not. The Court expressly did not reach the res judicata issue due to its lack of jurisdiction. *See Shekhem El*, 2025 WL 888544, at *5–7.

process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271. He appears to think that the Court's decision not to address certain assertions in his filings constitutes such a denial of due process. (Pl.'s Mem. at 5–6, 10–11.) But the failure to discuss certain of Plaintiff's contentions does not constitute a denial of due process. The Second Circuit is clear that "a district court is not required to write an opinion or lengthy order in every case," rather, the Court "may properly adopt a party's arguments on a given issue instead of issuing an order setting out a free-standing elaboration of the court's views." *Jackson v. Fed. Exp.*, 766 F.3d 189, 199 (2d Cir. 2014) (quotation marks and citation omitted); *see also Barletta v. Superintendent, Elmira Corr. Facility*, No. 23-CV-06260, 2025 WL 2814715, at *3 (S.D.N.Y. Oct. 3, 2025) (explaining that despite petitioner's argument that the court's earlier order "skipped over numerous arguments," the court "carefully considered each of [p]etitioner's arguments and implicitly rejected those arguments not specifically discussed" (quotation marks and citations omitted, alteration adopted)); *Ediagbonya v. United States*, No. 18-CV-03882, 2021 WL 4226400, at *3 (S.D.N.Y. Sept. 15, 2021) ("[T]here is no requirement for a court to specifically address each and every argument raised by a party." (quoting *Miller v. Metro. Life Ins. Co.*, No. 17-CV-7284, 2018 WL 5993477, at *5 n.5 (S.D.N.Y. Nov. 15, 2018)). Plaintiff's Rule 60(b)(4) argument therefore fails.

    5. Request to Analyze Plaintiff's First Motion under Rule 60(b) and 59(e)

As mentioned, Plaintiff urges the Court to address his earlier Motion under the standards set out by Federal Rule of Civil Procedure 60(b) and 59(e). (Pl.'s Mem. at 11–13.) The arguments included in Plaintiff's first Motion are largely duplicative of those discussed here, and they lack merit for the same reasons described above. To the extent that Plaintiff raises additional arguments, the Court has considered them and concluded that they are without merit.

Given that a "motion to amend a judgment under Rule 59 is decided under the same standard as is a motion for reconsideration pursuant to Rule 59," Plaintiff's various requests to amend the judgment are denied for the reasons described in the Court's memo endorsement. *Mulholland v. Philip Morris USA Inc.*, No. 05-CV-9908, 2013 WL 12154928, at *2 (S.D.N.Y. Dec. 9, 2013). The Court further concludes they are deficient because Plaintiff has failed to "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).[8]

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Vacate is Denied. The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 93 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   February 27, 2026
         White Plains, New York

KENNETH M. KARAS
United States District Judge

---

[8] Plaintiff appears to be laboring under the further misapprehension that his Motion to Amend his Complaint is still before the Court. (*See* Pl.'s Reply at 6 ("Plaintiff's Motion to Amend . . . remains unadjudicated . . . .")) The Court has already denied leave to amend. *See Shekhem El*, 2025 WL 888544, at *9 ("The Court concludes that repleading would be futile here because the defect in subject matter jurisdiction does not appear to be curable." (quotation marks and citation omitted)).

12